UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELIAS A. MURDOCK,

          Plaintiff,

v.

RAMSEY COUNTY COMMUNITY CORRECTIONS DEPARTMENT, RAMSEY COUNTY REVENUE RECAPTURE PROGRAM, TIM CAREY, MAUREEN MUNSON, MATT NELSON, JASON RUDOLPH, CAROL BAUMAN, RAMSEY COUNTY DISTRICT COURT, CRIMINAL DIVISION, PROJECT PATHFINDER, MINNESOTA DEPARTMENT OF HUMAN RIGHTS, VELMA KORBEL, MINNESOTA DEPARTMENT OF EMPLOYMENT AND ECONOMIC DEVELOPMENT, GOVERNOR TIM PAWLENTY, CITY OF ST. PAUL DEPARTMENT OF PUBLIC SAFETY, BARB McMONIGAL, JEFFREY FISCHBACH, CHRISTINE ROZEK, CITY OF ST. PAUL POLICE DEPARTMENT, CITY OF ST. PAUL DEPARTMENT OF PUBLIC WORKS, CITY OF ST. PAUL MAYOR CHRIS COLEMAN, CITY OF ST. PAUL CITY COUNCIL ALL MEMBERS, CITY OF ST. PAUL ATTORNEYS, JOHN PENLAND, STEVEN HENG, ROSA HERNANDEZ, ST. PAUL PIONEER PRESS, EMILY GURNON, JASON HOPPIN, YWCA ST. PAUL, TAMARA BURCH, YWCA MINNEAPOLIS, and YMCA TWIN CITIES,

          Defendants.

Civil No. 09-3679 (MJD/JJG)

**ORDER**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's

pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). The Court finds that Plaintiff cannot be granted IFP status at this time, because his current complaint fails to state a claim on which relief can be granted. However, Plaintiff will be given an opportunity to file an amended complaint, and if he does so within the time allowed by this order, his IFP application will then be reconsidered.

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff is attempting to sue more than 30 individuals and governmental entities. He attempted to sue most of these parties in a previous action brought in this District – Murdock v. Ramsey County Community Corrections Department, Civil No. 09-3001 (JMR/JJG), [hereafter "Murdock I"]. Plaintiff's complaint in Murdock I was found to be seriously defective, and he was required to file an amended complaint if he intended to continue to pursue the matter. (See Murdock I, Order dated October 29, 2009; [Docket No. 3].) Plaintiff did not file a timely amended complaint in Murdock I, and it was therefore

recommended that the case be summarily dismissed, without prejudice, for failure to prosecute. (See Murdock I, Report and Recommendation dated December 4, 2009, [Docket No. 4].) Plaintiff did not file a timely objection to that recommendation, so it can reasonably be expected that Murdock I will soon be dismissed.

Plaintiff's current complaint bears a striking resemblance to his complaint in Murdock I. It appears that Plaintiff may have decided to file a new lawsuit, rather than amending his complaint in Murdock I. Although the current complaint is not wholly identical to the complaint in Murdock I, it suffers from the same grievous shortcomings as its predecessor.

The Court explained in Murdock I that –

> "[Plaintiff's] complaint is neat and legible; it presents his allegations in separate numbered paragraphs, (as required by Fed. R. Civ. P., Rule10(b)); and it consists of sentences that are (for the most part) complete and grammatically correct. Unfortunately, however, the complaint, taken as a whole, is virtually incomprehensible. Even after carefully studying Plaintiff's pleading, the Court is unable to discern who, precisely, Plaintiff is attempting to sue, and what each individual Defendant allegedly did, (or failed to do), that purportedly entitles Plaintiff to a judgment against each Defendant."

(Murdock I, Order dated October 28, 2009, [Docket No. 3], p. 2.)

The Court's order in Murdock I also pointed out that Plaintiff's complaint failed to clearly identify each Defendant being sued; that several of the named Defendants did not appear to be cognizable legal entities that are suable as such; that several named Defendants were barely mentioned, (if at all), in the substantive allegations of the complaint; and that the allegations pertaining to most of the Defendants had no discernible legal significance. The Court concluded that Plaintiff had not alleged a set of specific historical facts, which, if proven, would entitle him to a judgment against the Defendants under any designated legal theory; and that Plaintiff had not described what each individual

Defendant allegedly did, or how they allegedly violated Plaintiff's rights under some specified rule of law. (Id., pp. 2-3.)

The defects found in Plaintiff's complaint in Murdock I have been repeated here. All of the Court's observations about Plaintiff's complaint in Murdock I, (as summarized in the preceding paragraph), are equally applicable to his current pleading. Thus, the Court finds that the present complaint, like the complaint in Murdock I, fails to state a cause of action on which relief can be granted, and it is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

However, the Court will once again grant Plaintiff an opportunity to file an amended complaint. If Plaintiff believes that he can cure the substantial shortcomings of his current complaint, and plead an actionable claim for relief, he should file an amended complaint by no later than January 29, 2010. If Plaintiff elects to amend, he must submit an entirely new pleading, clearly labeled "Amended Complaint," which conforms to the elemental pleading rules prescribed by Fed. R. Civ. P. 8-11. Most importantly, if Plaintiff amends, his new complaint must (1) clearly identify each individual Defendant being sued, (2) fully explain what, specifically, each individual Defendant allegedly did or failed to do, and (3) clearly identify the specific legal basis for each of Plaintiff's claims against each individual Defendant. Plaintiff cannot simply list a series of statutes and legal doctrines, and expect the Court and Defendants to figure out which statutes and doctrines apply to which Defendants. If Plaintiff amends, his new complaint must clearly describe both the factual basis, and the legal basis, for his claims against each individual Defendant. If Plaintiff does not file an amended complaint within the time allowed, the Court will recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Because Plaintiff's current pleading is no better than his complaint in <u>Murdock I</u>, there is reason to believe that he may not be capable of crafting a viable pleading without legal assistance. Therefore, by separate correspondence, the Court will be referring Plaintiff to the Federal Bar Association, (FBA), which has a panel of volunteer lawyers who can often help pro se litigants. Given Plaintiff's poor pleading record, (here and in <u>Murdock I</u>), it appears unlikely that he will be able to cure all of the shortcomings of his current complaint without legal assistance. Therefore, Plaintiff is strongly encouraged to contact the FBA, and ask that organization to help him find a lawyer. Plaintiff should make a concerted effort to consult with a lawyer recommended by the FBA <u>before filing an Amended Complaint</u>.

### ORDER

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket No. 2), will not be granted at this time; and

2. By no later than January 29, 2010, Plaintiff must file an Amended Complaint that satisfies the requirements of this order, failing which it will be recommended that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated: December 28, 2009       s/ *Jeanne J. Graham*
                               JEANNE J. GRAHAM
                               United States Magistrate Judge