UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELIAS A. MURDOCK,

      Plaintiff,

  v.

YWCA ST. PAUL, TAMARA BURCH,
YWCA MINNEAPOLIS, PATRICIA QUINN,
YMCA MINNEAPOLIS, CASSIE ROOD,
MINNESOTA DEPARTMENT OF HUMAN
RIGHTS, VELMA KORBEL, MINNESOTA
DEPARTMENT OF EMPLOYMENT AND
ECONOMIC DEVELOPMENT, LEE NELSON,
RAMSEY COUNTY CORRECTIONS,
TIM CAREY, MAUREEN MUNSON,
MATT NELSON, JASON RUDOLPH,
CAROL BAUMAN, RAMSEY COUNTY
DISTRICT COURT, CRIMINAL DIVISION,
JOHN GUTHMAN, PROJECT PATHFINDER,
JESSICA RUEGGE, TIM PAWLENTY,
CITY OF ST. PAUL, DEPARTMENT OF
PUBLIC SAFETY, BARB McMONIGAL,
JEFFREY FISCHBACH, CHRISTINE ROZEK,
CITY OF ST. PAUL POLICE DEPARTMENT:
WESTERN DIVISION, CITY OF ST. PAUL
DEPARTMENT OF PUBLIC WORKS,
LOUISE LANGBERG, CHRIS COLEMAN,
CITY OF ST. PAUL CITY COUNCIL,
KATHY LANTRY, CITY OF ST. PAUL
ATTORNEYS, JOHN PENLAND,
STEVEN HENG, ROSA HERNANDEZ,
ST. PAUL PIONEER PRESS,
EMILY GURNON, and JASON HOPPIN,

      Defendants.

Civil No. 09-3679 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This case is presently before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed In District Court Without Prepaying Fees or Costs," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as

permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff has filed an Amended Complaint that purports to state ten causes of action, or "counts," against thirty-eight (38) named Defendants.[1] Plaintiff's claims arise out of a convoluted series of events spanning a seven-year period from 2003 to 2010. Plaintiff seems to believe that all of the sundry events described in his pleading constitute a single complex conspiracy. However, even after careful scrutiny, Plaintiff's Amended Complaint does not allow the Court to "connect the dots" that supposedly link together all of Plaintiff's wide-ranging allegations against all of the various named Defendants.

Two of the ten counts listed in the Amended Complaint purportedly are based, at least in part, on federal law. Count I is a collection of employment discrimination claims, brought under Title VII of the 1964 Civil Rights Act, against Defendants YWCA St. Paul, YMCA, and YWCA Minneapolis. In Count VIII, Plaintiff claims that Defendant "City of St. Paul Department of Safety and Inspections" violated his constitutional right to due process.

The eight remaining counts listed in the Amended Complaint are identified as follows: "Count II Lost Wages;" "Count III Emotional Distress;" "Count IV Defamation;" "Count V Negligence and Negligent Supervision;" "Count VI Harrassment [sic];" "Count VII

---

[1] The Court previously determined that Plaintiff's original complaint, (Docket No. 1), failed to state a cause of action on which relief could be granted. (See Order dated December 28, 2009; [Docket No. 3].) Plaintiff was given an opportunity to re-plead, and he subsequently filed the Amended Complaint, (Docket 5), that is now the operative pleading in this case.

Retaliation;" "Count VIIII Extortion/Entrapment;" and "Count X Fraud." None of these eight claims is based on federal law. If they are based on any cognizable legal theory at all, they are based on state common law theories.

For the reasons discussed below, the Court finds that Plaintiff has failed to plead an actionable claim for relief in either of the two counts of his Amended Complaint that purportedly are based on federal law. The Court will therefore recommend that those two counts be summarily dismissed for failure to state a cause of action on which relief can be granted. The Court also finds that it would not be appropriate to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and it will therefore be recommended that those claims be summarily dismissed without prejudice.

## II. DISCUSSION

An IFP application will be denied, and the plaintiff's claims will be dismissed, when the plaintiff's complaint fails to state a cause of action on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, the Court finds that Plaintiff has failed to state a cause of action in either Count I or Count VIII of his Amended Complaint, and Plaintiff has therefore failed to plead any actionable claim for relief based on federal law.

### A. Count I – Employment Discrimination Claims

As noted above, in Count I of the Amended Complaint, Plaintiff is attempting to bring Title VII employment discrimination claims against three Defendants identified as YWCA St. Paul, YMCA, and YWCA Minneapolis. However, the substantive allegations set forth in the Amended Complaint are not sufficient to support an actionable Title VII claim against any of

these Defendants.

**(i) YMCA**

Plaintiff alleges that his employment with Defendant YMCA was terminated in August 2003, allegedly because of his gender, his race and his sexual orientation. (Amended Complaint, p. 5, ¶s 14-17.)  Plaintiff promptly "filed a charge of discrimination with the Minnesota Department of Human Rights."  (Id., ¶17.)  That charge was dismissed, which allowed Plaintiff to seek judicial review of his discrimination claim.  However, if Plaintiff intended to present his employment discrimination claim against Defendant YMCA in a federal court lawsuit, he was required to do so within ninety (90) days after the claim was dismissed administratively.  See Winbush v. State of Iowa By Glenwood State Hosp., 66 F.3d 1471, 1486 (8th Cir. 1995) (Title VII claimant's failure to bring suit within ninety (90) days after administrative agency denied his claim "bar[red] him from recovering under Title VII for any injuries he suffered prior to the expiration of his right-to-sue period").

Plaintiff has not affirmatively alleged that he commenced the present lawsuit within ninety (90) days after he exhausted his administrative remedies for his Title VII claim against Defendant YMCA.  Moreover, looking at the Amended Complaint as a whole, it clearly appears that he did not file this lawsuit within ninety (90) days after his claim was dismissed by the administrative agency, (i.e., Minnesota Department of Human Rights). Thus, the Court finds that Plaintiff has failed to state an actionable Title VII claim against Defendant YMCA.  See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994) (Title VII claims barred because plaintiff did not file suit within ninety (90) days after claim was dismissed by administrative agency).

**(ii) YWCA St. Paul**

Count I of the Amended Complaint also purports to state a Title VII claim against Defendant YWCA St. Paul. However, Plaintiff has already brought this same claim in a previous action filed in this District – Murdock v. YWCA St. Paul, Civil No. 07-3240 (DWF/SRN). That case was dismissed "with prejudice on the merits," by an order dated February 3, 2009. Because the prior action was dismissed on the merits and with prejudice, Plaintiff's current Title VII claim against YWCA St. Paul is barred by the doctrine of res judicata. See Landscape Properties, Inc. v. Whisenhunt, 127 F.3d 678, 682 (8th Cir. 1997) ("[u]nder the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action'") (citation omitted).[2]

**(iii) YWCA Minneapolis**

Finally, the Court finds that Plaintiff has failed to plead an actionable Title VII claim against Defendant YWCA Minneapolis, for the simple reason that he has not alleged any facts to support any such claim. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286

---

[2] Plaintiff vaguely alleges that Defendant YWCA St. Paul somehow breached the terms of a settlement agreement that precipitated the dismissal of his prior lawsuit. However, if Plaintiff is actually attempting to advance such a claim, it cannot be entertained here, because he has not presented sufficient factual allegations to support such a claim. Moreover, even if Plaintiff could show a factual basis for such a claim, that claim presumably would have to be brought as a state law breach-of-contract claim. See Sheng v. Starkey Laboratories, Inc., 53 F.3d 192, 195 (8th Cir. 1995) (where dismissal order in settled case does not retain jurisdiction over the settlement agreement, and there is no independent basis for federal jurisdiction, a party claiming breach of the settlement agreement "must bring her enforcement action in the state courts").

(8th Cir. 1980). In this case, Plaintiff has not alleged a set of specific historical facts, which if proven true, would support an actionable Title VII claim, (or any other claim), against Defendant YWCA Minneapolis.

    B. <u>Due Process Claim</u>

Count VIII of Plaintiff's Amended Complaint is labeled "Obstruction of Due Process." This label suggests that Plaintiff is attempting to bring a claim against the Defendant named in Count VIII, "City of St. Paul Department of Safety and Inspections," for violating his constitutional right to due process. However, Plaintiff's explication of Count VIII never mentions the term "due process." More importantly, there are no factual allegations in Plaintiff's Amended Complaint showing that Defendant City of St. Paul Department of Safety and Inspections did anything, (or failed to do anything), that could be viewed as a violation of Plaintiff's right to due process.

Plaintiff broadly (and vaguely) avers that Defendant City of St. Paul Department of Safety and Inspections "obstructed obtainment of licensure." (Amended Complaint, p. 30, ¶ 152.) This presumably is a reference to Plaintiff's failed effort to obtain a "Therapeutic Massage Practitioner License." (<u>See</u> <u>id</u>., pp. 11-13, ¶s 45-58.) However, Plaintiff has not alleged any facts showing how Defendant City of St. Paul Department of Safety and Inspections supposedly "obstructed" Plaintiff's efforts to obtain the license he was seeking. In fact, it appears that the City of St. Paul Department of Safety and Inspections had nothing to do with the "licensure" issue. Plaintiff alleges that he submitted his license application to a different agency, identified as "the of St. Paul License and Environmental Protection ('LIEP') agency," (Amended Complaint, p. 11, ¶ 45), which is not even listed as a Defendant in the Amended Complaint.

Apparently, Plaintiff is attempting to hold the named Defendant, City of St. Paul Department of Safety and Inspections, liable for some alleged wrongdoing by its agents or employees, under the doctrine of respondeat superior. However, it is well-settled that municipalities cannot be held vicariously liable for constitutional wrongdoing by their employees. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

Furthermore, even if respondeat superior were applicable to Plaintiff's due process claim, that claim would still fail, because Plaintiff has not shown that any municipal employees violated his constitutional rights. Plaintiff alleges that two municipal employees failed to give him notice of a St. Paul City Council hearing on his license application. (Amended Complaint, p. 12, ¶ 52.) However, there are no allegations showing that those employees had any duty to provide such notice. Moreover, the status of Plaintiff's license application, at the time of the alleged City Council hearing is unclear – to say the least. It appears that Plaintiff may have withdrawn his application, and requested a refund of the application fee, before the hearing occurred. (See Amended Complaint, pp. 11-12, ¶s 47-50.)[3]

In sum, looking at the Amended Complaint as a whole, the Court finds that Plaintiff has not pleaded an actionable due process claim against Defendant City of St. Paul Department of Safety and Inspections, (or anyone else). Thus, the Court finds that Count VIII of the Amended Complaint fails to state a cause of action on which relief can be

---

[3] Several paragraphs of the Amended Complaint describe Plaintiff's attempts to withdraw his license application, and recover the application fee. (Amended Complaint, pp. 11-13, ¶s 47-57.) If the application was voluntarily withdrawn, and the fee was reimbursed, those circumstances would seem to fatally undermine Plaintiff's claim that Defendant "obstructed obtainment of licensure." Furthermore, Plaintiff cannot maintain a separate claim for reimbursement of his application fee, because he expressly acknowledges that has already recovered the full application fee, as well as "court fees." (Id., p. 13, ¶ 57.)

granted.

    C.  <u>State Law Counts</u>

If Plaintiff had pleaded some actionable federal claim in Count I or Count VIII, then his state common law claims, (i.e., Counts II, III, IV, V, VI, VII, VIIII, and X), could perhaps be entertained under the federal supplemental jurisdiction statute – 28 U.S.C. § 1367. However, the absence of an actionable federal claim effectively precludes the Court from exercising supplemental jurisdiction over any possible state law claims.  See <u>Stokes v. Lokken</u>, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); <u>Johnson v. City of Shorewood, Minnesota</u>, 360 F.3d 810, 819 (8th Cir.) ("[t]he Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine... will point toward declining to exercise jurisdiction over the remaining state-law claims'"), <u>cert</u>. <u>denied</u>, 543 U.S. 810 (2004), quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n. 7 (1988); <u>see</u> <u>also</u> <u>Thomas v. Dickel</u>, 213 F.3d 1023, 1026 (8th Cir.) ("federal courts should 'exercise judicial restraint and avoid state law issues wherever possible'"), <u>cert</u>. <u>denied</u>, 531 U.S. 1013 (2000), quoting <u>Condor Corp. v. City of St. Paul</u>, 912 F.2d 215, 220 (8th Cir.1990).

In this case, (as in most cases), a federal district court would not be the most suitable forum for adjudicating state law claims.  See <u>Condor Corp.</u>, 912 F.2d at 220 (stressing "the need to exercise judicial restraint and avoid state law issues wherever possible").  Therefore, supplemental jurisdiction should not be exercised in this case.

**III. CONCLUSION**

For the reasons discussed above, the Court concludes that Plaintiff's Amended

8

Complaint fails to state any cause of action against the named Defendants that can properly be addressed in federal court. Based on that determination, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

Plaintiff has now had three chances to plead the claims that he is attempting to bring in this case,[4] and they are all grossly deficient. Therefore, the Court recommends that this action be dismissed <u>with prejudice</u> as to all federal claims pertaining to the matters alluded to in the Amended Complaint. The Court recommends that all claims based on state law be dismissed without prejudice.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "Application To Proceed In District Court Without Prepaying Fees or Costs," (Docket No. 2), be **DENIED**;

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. The claims based on federal law that Plaintiff is attempting to bring in his Amended Complaint be **DISMISSED WITH PREJUDICE**; and

4. The claims based on state law that Plaintiff is attempting to bring in his Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 14, 2010         s/ *Jeanne J. Graham*
                              JEANNE J. GRAHAM
                              United States Magistrate Judge

---

[4] In addition to the two pleadings filed in this case, Plaintiff filed another complaint in an earlier action, (<u>Murdock v. Ramsey County Community Corrections Department</u>, Civil No. 09-3001 (JMR/JJG)).

## NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 30, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.